UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 23-1955

ADRIAN CASTILLO,

     Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC.,
     Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA")

## JURISDICTION & VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, 15 U.S.C. §1692k, and 15 U.S.C. § 1681(p).  Venue in this District is proper because Plaintiff resides here and Defendants sent letters and made collection efforts in this District.

## PARTIES

3.    Plaintiff, Adrian Castillo, ("Castillo"), is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

4.    Defendant, Portfolio Recovery Associates, LLC. ("PRA"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of Virginia with its principal place of business at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502.

5. PRA is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Co., 1201 Hays St., Tallahassee, FL 32301.

6. PRA regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. PRA is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. PRA has filed more than 100 collection lawsuits in Hillsborough County, Florida within one (1) year of the filing of this Complaint.

9. Defendant regularly uses the mail and telephone to collect consumer debts.

10. Defendant's primary purpose is the collection of debts.

11. Defendant is a "debt collector" as defined in the FDCPA.

12. PRA is a "debt collector" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

13. PRA sued the Plaintiff, Castillo, in the Florida State Court Matter filed in Hillsborough County styled as: Portfolio Recovery Associates, LLC., Case No. 23-CC-070316 for an alleged consumer debt, ("Debt").

14. The debt was for a personal, household, or family purpose.

15. On or about May 24, 2023, Castillo retained the undersigned attorney to represent him in the state court matter.

16. The undersigned filed his Notice of Appearance in the Court file and caused a copy to be served on the Defendant, PRA. A copy of same is attached hereto as Exhibit "A".


17. During the course of the representation, an agreement was reached by the parties to resolve the matter.

18. Castillo, through his attorney, complied with his portion of the agreement by providing to PRA the settlement payment on July 18, 2023. The undersigned's office called and made that payment.

19. Defendant, PRA, despite having received notice of his representation and payment of the agreed upon amount, continued to attempt to collect from Castillo an amount greater than the agreed upon settlement amount. A copy is attached as Exhibit "B".

20. Plaintiff's attorney had not consented to PRA's direct communication with Plaintiff.

21. Plaintiff's attorney had not failed to respond to any communication of the PRA within a reasonable amount of time.

22. No court had authorized Defendant direct communication with Plaintiff.

23. At the time Defendant contacted the Plaintiff, Defendants knew the FDCPA and FCCPA prohibited them from communicating directly with Plaintiff in an attempt to collect an amount not due.

24. If the Defendant continues to communicate directly and collect amounts not due to them from Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself of the representation of his counsel and he would be defrauded out of the settlement payment he caused to made to PRA.

25. The actions of Defendants caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED
## BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

26. Plaintiff incorporates Paragraphs 1 through 11 and 13 through 25.

27. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## ATTEMPTING TO COLLECT A SETTLED
## DEBT IN VIOLATION OF 15 U.S.C. §1692f

28. Plaintiff incorporates Paragraphs 1 through 11 and 13 through 25.

29. PRA attempted to collect the debt from Plaintiff after it agreed to waive the debt in contravention of the settlement agreement, and in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of her and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III
### ATTEMPTING TO ENFORCE A SETTLED
### DEBT IN VIOLATION OF 15 U.S.C. §1692e(2)(a)

30. Plaintiff incorporates Paragraphs 1 through 11 and 13 through 25

31. PRA attempted to collect the debt after it agreed to waive the debt in contravention of the settlement agreement, and in violation of 15 U.S.C. §1692e(2)(a) and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of her and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT IV
### CONTINUING TO COLLECT A DEBT PREVIOUSLY
### PAID IN VIOLATION OF FLA. STAT. §559.72(9)

32. Plaintiff incorporates Paragraphs 1 through 10 and 12 through 25.

33. Defendant attempted to enforce a debt when it knew that the amount was not valid in violation of Fla. Stat. §559.72 (9).

34. The FCCPA provides for equitable relief including injunctive relief. Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's communication with Plaintiff violates the FCCPA; and

      d.      Such other or further relief as the Court deems proper.

## COUNT V
## COMMUNICATION WITH A CONSUMER REPRESENTED
## BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)

35.    Plaintiff incorporates Paragraphs 1 through 10 and 12 through 25.

36.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

      d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

          */s/Joel D. Lucoff*_____
          Joel D. Lucoff
          Fla. Bar No. 192163
          Debt Shield Law
          3440 Hollywood Blvd., Suite 415,
          Hollywood, FL 33021
          Phone: 754-800-5299
          joel@debtshieldlaw.com
          dayami@debtshieldlaw.com
          service@debtshieldlaw.com